## GREEN vs. BOYCE.

#### APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE PARISH JUDGE OF THE PARISH OF RAPIDES PRESIDING.

Where the defendant received a deed, in 1829, to five hundred acres of land in a Spanish grant, not located and patented, valued at five hundred dollars, for his professional services in procuring from the General Government a location, survey and patent to said grant of a league square: *Held*, that it appearing from the evidence the defendant was instrumental in procuring an advantageous location, though no patent has issued, he is not liable in an action of *lesion beyond moiety* on his contract.

This is an action to rescind a contract for *lesion* beyond moiety.

The plaintiff charges that in 1829 he deeded to the defendant five hundred acres of land, estimated at five hundred dollars, being part of a league square, confirmed under a Spanish grant. That this land was given in consideration of professional services to be rendered by the defendant, in procuring a location, survey and patent for said grant of land, from the general government of the United States.

He further charges that the defendant has wholly failed to perform said services, by which he has suffered *lesion* in said contract, exceeding one half of the value of the land conveyed; that in fact there is an entire failure of the consideration, and the defendant has been guilty of fraud in obtaining said deed. He prays that the deed and agreement between him and the defendant be cancelled and annulled.

The defendant pleaded the general issue. He avers that the charge of fraud is false and unfounded, and puts the plaintiff on strict proof of every allegation. He further pleads the prescription of four years against the action of lesion.

Upon these pleadings and issues the case was submitted for trial before a jury.

So far as the plea of prescription is concerned, the evidence showed that on the 3d of August, 1827, the plaintiff conveyed to the defendant five hundred acres of the land in question, by an act under private signature, to be located on Red River, and within the limits of a league square of land confirmed by congress to Richard Green, in consideration of one dollar per acre, to be discharged as follows: " He (Judge Boyce) has rendered some professional services, and he is willing to attend to my claim until he obtains a patent for me and pays the fees of office, &c."

On the 4th of March, 1829, the plaintiff makes another deed confirmatory of the first, declaring, " that he has heretofore sold and conveyed, and does by these presents sell and convey, a certain tract of five hundred acres of land, being part of a tract confirmed to the said Richard Green, of one league square on each side of the bayou Rigolet, to be bounded in front to the said bayou, &c." " In consideration, the said Boyce has heretofore paid to the said Green the sum of five hundred dollars."

Suit was instituted to rescind this contract of sale, and service of citation made on the 4th March, 1833, precisely four years after the date of the last deed.

The judge instructed the jury that the deed of 1829 should be taken as confirmatory of that of 1827, and that an action of lesion was barred by the prescription of four years. That the value of the land was to be estimated at what such land sold for in the neighborhood at the date of this sale. And further, if there was no fraud at the inception of the contract, and part of the consideration performed, the jury should find for the defendant." The plaintiff's counsel excepted to this charge as erroneous.

On the merits it appeared that the plaintiff was the owner

of a land claim of one league square, calling for its location at the mouth of Racoon Creek on the Rowgully bayou, (Rigolets) on the north side of Red River, in the parish of Rapides, founded on a permission and grant from the Spanish government.  This claim was favorably reported on to congress, and confirmed in 1820, but no actual location or survey was made, and no patent had ever issued to the grantees.

A variety of testimony was introduced to show the nature and value of the services rendered by the defendant.  It appeared that the township which embraces this claim, was surveyed by a deputy surveyor of the United States, in 1813. That the sectional lines and private claims were traced and run out by M'Crummen & Lewis, deputy surveyors, in 1822. It was returned into the Surveyor General's Office and reported to the General Land Office, with this claim in dotted lines as spurious, and remained in a state of suspense until 1832, after Judge Boyce undertook to get it patented.   He wrote to the members of congress from Louisiana, to have the difficulties and objections to the completion of the title removed.   In 1832, Judge Bullard, while a member, explained the situation and validity of the claim to the commissioner of the General Land Office, and a patent was ordered to issue.  · Other persons being interested, and not approving of the location, they have refused a patent.   It . remained in this condition at the inception of this suit.

After hearing the parties, and all the testimony of the case, the jury returned a verdict for the defendant.   From judgment confirming this verdict, and after an unsuccessful attempt to obtain a new trial, the plaintiff appealed.

*Dunbar*, for the plaintiff.

*Judge Boyce, in propriâ personâ.*

*Mathews, J.,* delivered the opinion of the court.

This suit is brought to rescind a contract relating to the sale of real property on account of lesion done to the vendor

WESTERN DIST.
October, 1836.

GREEN
vs.
BOYCE.

amounting to more than half the value of a tract of five hundred acres of land, alleged to have been sold to the defendant.

The cause was submitted to a jury in the court below, who, after hearing testimony, and receiving a charge from the judge *a quo* in relation to points of law, found a verdict for the defendant, and judgment being rendered in pursuance thereof, the plaintiff appealed.

The charge of the judge relates to a plea of prescription. The case was, however, tried by the jury on its merits, and as we are of opinion that the testimony fully justifies their verdict, independent of the effect which the judge's charge may have produced on their opinions, it is deemed useless to take into consideration his opinion, (which was excepted to) touching the prescription pleaded.

It appears by the evidence of the case, that the plaintiff had obtained a grant from the former government of the country for a square league of land, for the purpose of erecting a saw mill, &c. The tract thus granted was, by the terms of the concession, to have been located on a small water course in the pine woods on the north side of Red River, in the parish of Rapides, which falls into a bayou called the Rigolets, which passes through the low lands and connects itself with Red River. This land being much more valuable than that called for by the grant from the Spanish authorities, it was considered greatly conducive to the interest of the grantee that a change of location should be made, and to effect this purpose the defendant was employed, and also to carry the claim through the different officers of the United States government, whose functions relate to the public domain, so as to obtain a patent in form. For his services, to be rendered in these respects, he was compensated by five hundred acres of the land in question, estimated at the time of the transfer of title at the price of five hundred dollars.

It appears by the evidence adduced on the part of the defendant, that he had faithfully and diligently performed all things required of him by the contract, and that it is more than probable that the change of location which gave so

*Where the defendant received a deed, in 1829, to five hundred acres of land in a Spanish grant, not located and patented, valued at five hundred dollars, for his professional services in procuring from the general government a location, survey and patent to said grant of a league square: Held, that it appearing from the evidence the defendant was instrumental in procuring an advantageous location, though no patent has issued, he is not liable in an action of lesion beyond moiety on his contract.*

great additional value to the plaintiff's grant, was effected mainly by the agency of the defendant. We are of opinion that lesion has not been shown, and that the agent and purchaser has always, in relation to the matters now in contest, acted honestly and in good faith.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.